

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,664-01, -02, AND -03

### EX PARTE QUAN MARKESE CHURCHWELL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1526196-A, 1526243-A, AND 1530341-A
### IN THE 182ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant pled guilty to two offenses of aggravated robbery and one offense of evading arrest in a vehicle, and the trial court assessed prison sentences. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant alleges his guilty pleas, made without plea agreements, were involuntary due to the ineffective assistance of his trial counsel. The trial court entered orders designating issues and ordered trial counsel to respond. The habeas records forwarded to this Court contain no response from trial counsel or findings from the trial court resolving the disputed factual issues.

Accordingly, the record should be developed. The trial court is the appropriate forum for

findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel provided ineffective assistance and whether Applicant's pleas were involuntary. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 9, 2021
Do not publish